MICHAEL W. SHAW, RESPONDENT, v. GEORGE E. COCK, AS TREASURER OF BUTTERFIELD OVERLAND DISPATCH, APPELLANT.

*Statute of limitations — Amendment of summons — power of court as to.*

The plaintiff was the assignee of a claim against "Butterfield's Overland Dispatch" for freight, due to one Trivett for certain articles of merchandise transported by him between September 26, 1865, and August 13, 1866. On or about August 5, 1872, the plaintiff caused a summons to be placed in the hands of the sheriff of New York, with intent that it should be actually served in an action against George .E. Cock and other individuals, and the Overland Dispatch Company.

Butterfield's Overland Dispatch and the Overland Dispatch Company were two distinct joint stock associations, created under the laws of this State, and carrying on business in the city of New York.

On July 29, 1873, the summons was served on the said Cock, and thereafter an attorney appeared for him and also for certain other of the defendants and the Overland Dispatch Company. On October 6, 1873, an order was made by default, but, upon due notice, striking out the names of all the individual defendants except that of George E. Cock ; and so amending the summons that it read *"Michael W. Shaw vs. George E. Cock, as Treasurer of Butterfield's Overland Dispatch."* The latter association appeared in the action and answered, setting up the statute of limitations. *Held,* that the action was not commenced against, nor did the court acquire jurisdiction over the Butterfield's Overland Dispatch until the making of the order of October 6, 1873, and its appearance in the action; and that the cause of action was then barred by the statute.

*Quære,* whether the court has power to so amend the summons and complaint in an action as to strike out the names of all the original defendants, and substitute that of another person having no connection with the former defendants.

*Davis v. The Mayor* (14 N. Y., 506) cited and approved.
*McElwain v. Corning* (12 Abb., 16) criticised.

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court without a jury.

*Joshua M. Van Cott,* for the appellant.

*C. R. Lockwood,* for the respondent.

TALCOTT, J. :

This is an appeal from a judgment rendered at the Chautauqua Circuit in an action tried by the court without a jury, a jury trial

having been duly waived. The defendant pleaded in bar that the cause of action did not accrue within six years before its commencement.

The action was brought to collect the agreed freight on certain articles of machinery and merchandise from the city of Atcheson to Bannock City and Virginia City, in the Territory of Montana. The plaintiff is the assignee of one Trivett, who contracted to carry the freight. The contract was made on the 28th day of September, 1865, and the delivery of the goods was completed on the 13th day of August, 1866. In the view we take of the case, the action was commenced against Butterfield's Overland Dispatch after the 6th day of October, 1873, so that six years had expired before the commencement of the suit, and if our conclusion is correct as to the time of the commencement of the suit, the defendant was entitled to judgment instead of the plaintiff. The plaintiff seeks to avoid the effect of the statute of limitations by certain proceedings and the effect of an order made at Special Term of this court in October, 1873, the effect of which we proceed to consider.

After the 5th and before the 8th day of August, 1872, the plaintiff caused a summons to be issued in a suit entitled as follows : "Michael Shaw against George E. Cock, Wm. McCook, Azel W. Spaulding, H. I. Messinger, A. D. McCook, William W. Fogg, I. Cook and the Overland Dispatch Company," and caused the same to be delivered to the sheriff of the city and county of New York, with the intent and purpose that it should be actually served. On the 29th day of July, 1873, the before-mentioned summons was served upon George E. Cock, "he being the same person named therein by that name." On the 12th day of August, 1873, Messrs. Van Cott and Winslow appeared in the suit then commenced for George E. Cock, and also for William Martin, H. I. Messinger, William H. Fogg, and the Overland Dispatch Company, a part of the defendants mentioned in the said summons, and served upon the attorneys for the plaintiff a notice of such appearance and a demand for a copy of the complaint before any further proceeding were had in the said action; and, on the 6th day of October, 1873, an order was made at a Special Term, in Cattaraugus county, upon a default, but after due service of the notice of the said motion upon Messrs. Van Cott and Winslow, by which it was ordered " that the plaintiff

have leave to amend his summons and all proceedings in this action, as follows, that is to say: By striking out of the title of the action the names of A. McCook, D. McCook, William Martin, Azel W. Spaulding, H. I. Messinger, A. McD. McCook, William W. Fogg, I. Cook; also striking out the word "the" after "I. Cook," also the word "company," the last word to said title, and inserting after the word "George E. Cock," in such title, the words "as treasurer of Butterfield's," so that, after such amendment, the title of such cause shall be as follows: "Michael Shaw against George E. Cock, as treasurer of Butterfield's Overland Dispatch;" and after the making of the said order, the complaint in the action, changed as specified in the order, was served on Messrs. Van Cott and Winslow, and, as found by the court, "the defendant appeared and answered." No amended summons was served on anybody.

Butterfield's Overland Dispach is a joint-stock association, organized under the laws of this State at New York, and having its chief office and place of business in the city of New York.

The "Overland Dispatch Company" is also a joint-stock association, created under the laws of the State, and existing at the time of the placing of the summons in the hands of the sheriff of New York, and having its chief office and place of business in the city of New York, carrying on the same kind of business as "Butterfield's Overland Dispatch," and the said George E. Cock is the treasurer of "Butterfields' Overland Dispatch," so that the amendment of the "summons and all proceedings" in the action changed the action from an action against the individuals named and the "Overland Dispatch Company" to an action against "Butterfield's Overland Dispatch."

A joint-stock association organized under the statute of this State is a corporation within the meaning of section 99, of the Code, so that a suit is commenced against it by the delivery of a summons, with the intention of having the same served, to the sheriff or other officer of the county in which the corporation was established by law, or where it kept an office for the transaction of business. (*Wescott et al.* v. *Fargo, President, etc.*, 61 N. Y., 542.) It is claimed on the part of the plaintiff that the order of October, 1873, was made under section 173, of the Code, which provides that "the court may, before or after judgment, in furtherance of justice and

on such terms as may be proper, amend any pleading, process or proceeding, by adding or striking out the name of any party or by correcting a mistake in the name of a party or a mistake in any other respect," and also under section 175, which provides that when the plaintiff shall be ignorant of the name of the defendant, he may be designated by any name, and when the name shall be discovered, the pleading or proceeding . may be amended accordingly. The affidavits on which the order was made are not contained in the case, so that it does not appear upon what ground the order was made, nor does it appear that a mistake in the name of any party was made, and it cannot reasonably be claimed that by the addition of the name of any party, such party can be deprived of any defense which he had at the time his name was added as a party. The action was first commenced against sundry individuals and the " Overland Dispatch Company" a joint stock association existing in New York, and having the office required, in order to make the intent to commence a suit as specified, equivalent to the commencement thereof for the purpose of avoiding the bar of the statute of limitation. The suit which was instituted by the delivery of the summons to the sheriff of the county of New York was not thereby instituted against Butterfield's Overland Dispatch, nor against George E. Cock as the treasurer thereof, but against George E. Cock as an individual and sundry other persons as individuals, and against the " Overland Dispatch Company." The assignment under which the plaintiff claims was of all claims, demands, etc., which Trivett had against " Butterfield's Overland Dispatch," association or company, and distinctly recognized such as the name of the association, as a joint-stock company or association.

It may well be doubted whether the Special Term could make the order of October, 1873. In the case of *Davis* v. *The Mayor*, etc. (14 N. Y., 506), it is said by DENIO, J. (p. 527), speaking of the amendments which might properly be allowed under section 173 of the Code. "A *possible* construction of the power to strike out and insert the names of parties would admit the striking out of all the existing ones, on the ground that they had no cause of action and inserting an entirely new set who really had such right, but this would be too unreasonable to have been intended. So with the unlimited provision to correct a mistake." WRIGHT, J., who also

delivered an opinion in the same case, but which is not reported in full, came to the conclusion that the amendment authorizing the attorney-general to be made a party, was unauthorized and erroneous.

It is not necessary, however, to inquire in this case whether such an alteration of the summons as was made by the order obtained by default in this case, was or was not within the authority of the court, since the order did not attempt to deprive the defendant of any right to plead the statute of limitations, nor did it attempt to declare what should be the effect of the summons previously delivered to the sheriff. "Butterfield's Overland Dispatch" was not sued, and no summons was issued against it till the order of October, 1873, and its name was nowhere mentioned in the summons. When brought in by the amendment under the order of October, 1873, then for the first time, at all events, was a suit commenced against it, and its rights are preserved as they existed at that time. Was the summons against George E. Cock and the other defendants individually, and the "Overland Dispatch Company" the commencement of an action against "Butterfield's Overland Dispatch?" It seems to us it was not, and that the only mode in which the court got jurisdiction of "Butterfield's Overland Dispatch" was by the amendment, and the subsequent appearance of that association. The defendant might appear *gratis* (Code, § 139), and from the time of such appearance, and not before, the jurisdiction over the party was complete as though it had been served with a summons

The defendant might be sued by the name of its treasurer, in other words, for the purpose of being sued the name of the treasurer as its treasurer is to be deemed the corporate name of the association. (*Westcott* v. *Fargo, President, etc., supra.*) And the action was not commenced against the association until it was sued by its corporate name, or at least by some name intended as such. The suit against Cock, individually, was not a suit against the association.

In *McElwain* v. *Corning* (12 Abbott, 16), relied upon by the plaintiff on this appeal, so far as it is an authority for this practice, the right parties were sued, and duly served with process, but their representative character was misdescribed, and although the service was in time to save the six months' limitation, yet the court took care to see that the defendants, relying on the six months' limitation

for commencing actions against executors after the rejection of a claim, were protected against responsibility for having paid out assets of the testator so that but a small portion was left for the plaintiff. That case as an authority is not to be extended beyond the limits of the facts to which the principle was applied.

It seems to us that this is the precise case put by Judge DENIO in *Davis* v. *The Mayor, etc. (supra).* It was the striking out of all the existing defendants, against whom, so far as appears, no cause of action existed in favor of the plaintiff, and inserting an entirely new set, against whom a cause of action, perhaps, had once existed, which the judge, in the opinion referred to, terms a possible construction of the power conferred by the one hundred and seventy-third section of the Code, but pronounces "too unreasonable to have been intended." The service upon George E. Cock as an individual, was long after the statute had run, but such service did not, we think, give the court any jurisdiction to pronounce a judgment against "Butterfield's Overland Dispatch," which was only gained by the appearance of that association after the order of October, 1873. No notice was given to the corporation of an application for such order, but the amended complaint was served on Messrs. Van Cott and Winslow, who were also the attorneys of the corporation thus sought to be made a defendant, and who appeared in the action without waiting for the service of a summons, but also long after the demand was barred by the statute of limitations. We think the court acquired no jurisdiction of the person till that appearance, and its rights in respect to the statute of limitations are to be determined by the length of time which had then elapsed.

The other questions presented in the case, though interesting and important, are unnecessary to be considered when, in our view, the statute of limitations, upon the facts found, was a bar to the action, and therefore will not be discussed.

Judgment reversed and new trial granted, costs to abide the event.

Present — TALCOTT, P. J., SMITH and MERWIN, JJ.

Ordered accordingly.